UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAGIGUAN UNDERWOOD,

     Plaintiff,

v.                     CASE NO. 8:24-cv-372-SDM-AEP

HOME DEPOT U.S.A., INC.,

     Defendant.

_____/

## **ORDER**

     Lagiguan Underwood alleges that a Home Depot employee driving a forklift "crashed" into a parked truck in which Underwood sat and that the crash injured Underwood.  Home Depot removes (Doc. 1) the action.  Underwoods moves (Doc. 8) to remand, and Home Depot responds (Doc. 11) in opposition.

     Underwood contends that, because the notice of removal cites a civil cover sheet and a settlement demand to establish the amount in controversy, Home Depot failed to establish that the amount in controversy exceeds $75,000.  Without more, a civil cover sheet and a demand letter are generally insufficient to establish that the amount in controversy exceeds $75,000.  *Bell v. Ace Ins. Co. of the Midwest*, 2020 WL 7396934, at *3 (M.D. Fla. 2020) (Badalamenti, J.); *Piazza v. Ambassador II JV, L.P.*, 2010 WL 2889218 (M.D. Fla. 2010) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1995), and quoting *Standridge v. Wal–Mart Stores*, Inc., 945 F. Supp. 252, 256–57 (N.D. Ga. 1996)); *Fields v. State Farm Mut. Auto. Ins. Co.*, 2008 WL

2705424 (M.D. Fla. 2008) (Fawsett, C.J.).  But in addition to the cover sheet and demand, Home Depot appends to the notice of removal Underwood's medical bills that allegedly resulted from the crash.  The medical bills total more than $100,000.

The motion (Doc. 8) to remand is **DENIED**.  No later than **MAY 28, 2024**, the parties must submit a case management report in accord with Local Rule 3.02.

ORDERED in Tampa, Florida, on May 14, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE